Matter of the Application of WALTER H. KNAPP, RALPH W. THOMAS and JOHN J. MERRILL, as the Tax Commission of the State of New York, for an Order Directing the Correction or Cancellation of the Assessment Roll of the City of Schenectady, Pursuant to Section 173-A of the Tax Law.

(Supreme Court, Schenectady Trial and Special Term, November, 1918.)

Taxes — when assessment of personal property is not subject to review — Tax Law, section 173-a.

Under section 173-A of the Tax Law which declares that if the tax commission of the state " shall have reason to believe * * * that such assessment roll shows undervaluations, inequalities * * * sufficient to make it inequitable as between owners of real property taxable within the tax district " there can be no review of an assessment of personal property.

APPLICATION for an order directing correction or cancellation of the assessment roll of city of Schenectady, pursuant to section 173-A of the Tax Law.

Merton E. Lewis, Attorney-General (James S. Y. Ivins, Deputy Attorney-General, of counsel), for relators.

Fryer & Lewis (Charles G. Fryer, of counsel), for respondents.

BORST, J. The relators, composing the tax commission of the state, seek a review and re-assessment by order of this court under the provisions of section 173-A of the Tax Law of the assessment made by the assessors for the city of Schenectady for the year 1918, the particular charge against the assessment

being that the General Electric Company and the American Locomotive Company are assessed at a lower percentage of the property value of their personal property than other owners of the real property within the tax district and that certain assessable personal property of these companies is not assessed.

By the provisions of section 173-A of the Tax Law, invoked on this application by relators, it is provided, " if the commission shall have reason to believe * * * that such assessment-roll shows undervaluations, inequalities * * * sufficient to make it inequitable *as between owners of real property* taxable within the tax district," they may have a review under the order of a justice of this court to correct the roll.

Respondents assessors insist that the section of the Tax Law in question only applies to real property and with this view I concur.

The failure to assess the personal property of one who is assessed only for that species of property, at its full value, less deductions for his debts, may make an assessment roll unjust as to owners of real property but does not make it inequitable " as between owners of real property."

It is urged, however, that if the personal assessment complained of was made against one who owned real estate, then such assessment would be inequitable as between owners of real estate. A construction of the statute which would permit a review of a personal assessment in the one case suggested and not in the other, should be avoided if possible.

The language of the statute evidently is intended to apply to a review only in case of inequality as it says as between owners of real property. This view is further confirmed by the history of the legislation which led to the enactment of the section in question

8

and to which my attention has been called. The section of the statute as originally introduced in the legislature, read " inequitable as between owners of taxable property within the tax district," which would clearly include personal as well as real. It was amended, however, and finally passed in its present form.

Real and personal property are each to be assessed at the full value thereof but the owner of personal property is allowed a deduction from the full value of all his taxable personal property to the extent of the just debts owing by him. To have a review of personal assessments, especially in the case of claimed inequalities between different tax districts, with an examination into the indebtedness of the owners of such property, claiming exemption for the amount of their debts, might be a very difficult proceeding. The legislature took out the words which would clearly have allowed a review of personal assessments and used words which on the plain reading refer only to real estate. A doubtful construction should not be adopted in view of the difficulties it might impose when a plain construction would avoid the difficulties suggested with possibly many others.

The application is therefore denied without an examination into the merits.

Application denied.